# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **vs.**　　　　　　　　　　　　　　　　　　No. 1:18-MJ-00492-LF

**CRYSTAL LACHONNE HALL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *Ex Parte* Motion for Rule 17(c) Subpoena ("Motion"), filed March 5, 2018. Doc. 13. The Court, having considered the motion and the relevant law, and being otherwise fully informed, finds that the motion is well-taken in part and will be **GRANTED** in part.

## BACKGROUND

Defendant Crystal Lachonne Hall is charged with conspiracy to possess more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. Doc. 1. Ms. Hall seeks the issuance of a subpoena *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for three specific categories of documents. Ms. Hall argues that the requested documents are necessary, relevant, admissible, and may reveal important information and witnesses.

**DISCUSSION**

I.  **Legal Standard**

    A.  Federal Rule of Criminal Procedure 17

Federal Rule of Criminal Procedure ("Rule") 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them. Specifically, under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a blank subpoena to be issued by the clerk of the court as a matter of course, and without judicial intervention, and may then fill in the time and place at which the witness must attend and testify. FED. R. CRIM. P. 17(a).

Rule 17(b) describes the procedure for defendants who are unable to pay the required fees: "[u]pon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." FED. R. CRIM. P. 17(b). "The Government is not notified of the proceeding and therefore defendant is not forced to disclose potential defense witnesses or their expected testimony." *United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). "Although prior judicial authorization is required, the *ex parte* nature of the Rule 17(b) application [thus] serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Rule 17(c) in turn governs the issuance of subpoenas *duces tecum*, and enables either party to obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness

> to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17(c)(1). Thus, unlike a trial subpoena issued under Rule 17(a) or 17(b), Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial. *Id.*; *see also United States v. Nixon*, 418 U.S. 683, 698–99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) (Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials"). However, Rule 17(c) provides no specific direction as to the proper procedure by which a party obtains a pretrial subpoena *duces tecum,* and courts have interpreted the language of the Rule to "indicate[] that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule 17(a) and 17(b) dealing with the issuance of trial subpoenas." *Reyes*, 162 F.R.D. at 469; *United States v. Nelson,* No. CR 15-2023, 2015 WL 9943540, *2 (D.N.M. Dec. 4, 2015) (unpublished).

      B.    *Ex Parte* Applications for Pretrial Production

Absent a clear directive in the text of Rule 17(c) as to the proper procedure for obtaining pretrial production pursuant to a subpoena *duces tecum*, courts have "split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*." *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011). The Tenth Circuit has not yet ruled on the issue, and in the absence of binding authority to the contrary, this Court is persuaded that indigent defendants should be permitted to make an application for the pretrial production of documents *ex parte*. *Compare Nelson,* No. CR 15-2023, 2015 WL 9943540, at *3–4 (same); *United States v. Hargrove*, No. 11-cr-326, 2013 WL 3465791, *4 (D. Colo. July 9, 2013) (same); *United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, *17–18 (D.N.M. June 3, 2013) (same); *Sellers*, 275

3

F.R.D. at 625; *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997) (same); *Reyes*, 162 F.R.D. at 470–71 (same). The Court agrees that:

> [t]here are strong policy reasons in favor of an *ex parte* procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfied the *Nixon* standards of specificity, relevance, and admissibility. If a full adversary hearing were required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

Although the Court finds that an *ex parte* application for a subpoena *duces tecum* ordering pretrial production of evidence is permissible, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." *Sellers*, 275 F.R.D. at 625. The plain language of Rule 17(c) authorizes the court to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties and their attorneys to inspect all or part of them." FED. R. CRIM. P. 17(c). Accordingly, while the Court will permit Ms. Hall's motion to remain ex parte and under seal, it will not direct that the production of the requested material be made directly to defense counsel. Rather, the requested evidence must be produced to the Court. *Sellers*, 275 F.R.D. at 625; *Vigil*, 2013 WL 3270995, at *21.

C.  Standard for Pretrial Production

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

4

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699–700). To meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon,* 418 U.S. at 700). It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use." *Sellers,* 275 F.R.D. at 624. "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'" *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221).

II. The Instant Case

As stated above, the Court finds that Ms. Hall, who is indigent, has properly made her motion *ex parte*. To protect the mental impressions and trial strategy of her defense counsel, Ms. Hall's motion will remain *ex parte* and sealed.

The Court also finds that Ms. Hall has satisfied the *Nixon* test and established good cause for the subpoena as to the three specific categories of documents sought in the motion. Ms. Hall has further demonstrated that she is acting in good faith and not attempting to conduct a general fishing expedition, and that she needs the material sought to assist her in her defense against the government's allegations against her in this case. Accordingly, the Court will allow Ms. Hall to request production of the three categories of documents she seeks through a Rule 17(c) subpoena *duces tecum*.

5

**CONCLUSION**

**IT IS THEREFORE ORDERED** that defendant Crystal Lachonne Hall's *Ex Parte* Motion for Rule 17(c) Subpoena (Doc. 13) is **GRANTED** in part as follows:

1. The Clerk's Office shall issue the subpoena, and once the subpoena has been issued, the Clerk's Office shall contact defense counsel.

2. Defense counsel shall be responsible for service of the subpoena upon the third-party.

3. The requested materials shall be due no later than thirty days from the date of receipt of the subpoena by the third-party.

4. The third-party shall have thirty days from the date it receives the subpoena to file a motion to quash the subpoena in accordance with FED. R. CRIM. P. 17(c)(2). If the third-party files a motion to quash within the time period allowed as to some of the documents, but not all of the documents, those documents not subject to an objection shall be delivered to the Court no later than thirty days for the date of receipt of the subpoena by the third party.

5. The requested materials shall be produced at the following address:

> Chambers of Magistrate Judge Laura Fashing
> Pete V. Domenici United States Courthouse
> 333 Lomas Boulevard, N.W., Suite 680
> Albuquerque, New Mexico 87102

7. Upon receipt of the responsive materials, the Court will notify the parties that the documents are available for inspection and copying.

8. Ms. Hall's *Ex Parte* Motion shall remain under seal.

Any requests made in Ms. Hall's *Ex Parte* Motion not expressly granted herein, are **DENIED**.

**IT IS SO ORDERED.**

_____
**Laura Fashing
United States Magistrate Judge**